UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
ROSALINE WEINGARTEN
on behalf of herself and
all other similarly situated consumers

       Plaintiff,

  -against-


NATIONS RECOVERY CENTER, INC.

       Defendant.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Rosaline Weingarten seeks redress for the illegal practices of Nations Recovery Center, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Atlanta, Georgia.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Rosaline Weingarten*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about December 15, 2015, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. This Main Street Acquisition Corp. ("Main Street") charged-off account was being collected by Frontline Asset Strategies LLC, prior to Defendant Nations Recovery Center, Inc.'s taking over of the said account.

12. Frontline Asset Strategies had sent a letter to the Plaintiff, on May 5, 2015 regarding the Main Street account.

13. The balance stated in the said May 5, 2015 letter from Frontline Asset Strategies was $8,025.99, and in addition to that balance, interest was accruing daily as apparent from the Defendant's December 15, 2015 letter, which reflected an increase in the balance to an amount of $8,346.63

14. A reasonable consumer could be misled into believing that she could pay her debt in full by paying the amount as listed in the December 15, 2015 notice.

15. In fact, however, since as shown by the difference in the amount between the May 5, 2015 letter from Frontline Asset Strategies and the new increased amount in the

December 15, 2015 letter, which reflects that interest was accruing daily, a consumer who pays the "Balance" as stated in the letter be left unaware as to whether or not the debt has been paid in full.

16. The debt collector could still seek the interest and fees that had accumulated after the notice was sent, but before the balance was paid, or sell the consumer's debt to a third party, who itself could seek the post charge-off interest and fees from the consumer.[1]

17. Where a debt collector mails a debtor various different letters which show that interest is accruing daily, yet the debt collector "is willing to accept a specified amount in full satisfaction of the debt if payment is made by a specific date [it must] simplify the consumer's understanding by so stating, while advising that the amount due would increase by the accrual of additional interest or fees if payment is not received by that date."[2]  However, if the debt collector intended on waiving the interest accruing it must clearly state that the interest is being waived.

18. The said collection letters at issue were increasing daily due to interest, but the December 15, 2015 notice specifically, failed to disclose that the balance would continue to increase due to interest and fees, or in the alternative, the December 15, 2015 letter failed to disclose that the balance was actually not increasing due to the interest being waived.

19. In any case, the Defendant's said December 15, 2015 collection letter was "misleading" and "confusing" within the meaning of Section 1692e of the FDCPA.

20. Absent a disclosure by the holder of the debt that the interest accruing since the previous letter is waived, even if the debtor pays the "Amount of Debt" the Defendant and or the

---

[1] See Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 76 (2d Cir. 2016)
[2] *id*.

      creditor could still seek the interest accruing since the previous letter, or sell the consumer's debt to a third party, which itself could seek the accrued interest from the consumer. Avila, at *10-11.

21. Waiver of interest even when it has been made explicitly has not prevented debt-collectors from continuing to illegally charge the waived interest.

22. At the bare minimum, a debt collector must make clear even to the unsophisticated consumer that it intends to waive the accruing post charge-off interest.

23. A debt-collector must disclose, that the balance due may change since interest is accruing, or in the alternative, it must disclose any such waiver of interest accrued since the previous letter.

24. The said letter was deceptive and misleading as it merely identified the "Balance," yet failed to disclose that the balance may increase due to interest and fees.

25. The Plaintiff was left uncertain as to whether the "Balance" was accruing interest as there was no disclosure that indicated otherwise.

26. A reasonable consumer could read the notice and be misled into believing that he or she could pay her debt in full by paying the amount listed on the notice.

27. In fact, however, since interest is accruing daily, or since there are undisclosed late fees, a consumer who pays the "Balance" stated on the notice will not know whether the debt has been paid in full.

28. The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

29. The statement of a "Balance" without notice that the amount is already increasing due to

accruing interest or other charges, would mislead the least sophisticated consumer into believing that payment of the amount stated will clear his or her account.

30. The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

31. Collection notices that state only the "Balance," but do not disclose that the balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

32. The Plaintiff and the least sophisticated consumer would be led to believe that the "Balance" is static and that his or her payment of the amount due would satisfy the debt irrespective of when payment was remitted.

33. A consumer who pays the "Balance" stated on the collection letter will be left unsure as to whether or not the debt has been paid in full, as the Defendant could still attempt to collect on any interest and fees that accumulated after the letter was sent but before the balance was paid.

34. The Defendant violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

35. A debt collector, when notifying a consumer of his or her account balance, must disclose that the balance may increase due to interest and fees.

36. 15 U.S.C. § 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of --
>
> (A) the character, amount, or legal status of any debt; or
>
> (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

37. Defendant's December 15, 2015 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

38. The said also letter stated the "Creditor" as "Main Street Acquisition Corp." and then made "Reference" to "HSBC BANK NEVADA NA".

39. Section 1692g of the FDCPA requires that, within 5 days of a debt collector's first communication to a consumer, it must provide consumers with several pieces of information – the amount of the debt, the 30-day validation notice and "(2) the name of the creditor to whom the debt is owed", see, 15 U.S.C. § 1692g(a). It is not enough to provide the information required by § 1692g of the FDCPA; rather, that information must be effectively conveyed.[3]

40. Defendant's letter failed to state the name of the current creditor effectively because the letter states that Main Street Acquisition Corp. is the creditor, however, it then went on

---

[3] See, Clomon v. Jackson, 988 F.2d 1314, 1993 U.S. App. LEXIS 4965 (2d Cir. Conn. 1993), Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 2003 U.S. App. LEXIS 3409, 55 Fed. R. Serv. 3d (Callaghan) 746 (2d Cir. N.Y. 2003), Savino v. Computer Credit, 164 F.3d 81, 1998 U.S. App. LEXIS 31652, 42 Fed. R. Serv. 3d (Callaghan) 1154 (2d Cir. N.Y. 1998), McStay v. I.C. Sys., 308 F.3d 188, 2002 U.S. App. LEXIS 21542 (2d Cir. N.Y. 2002). see also, 15 U.S.C. § 1692g(b).

to reference HSBC BANK NEVADA NA.[4]

41. The Defendant failed to give any explanation of what, if any, the relationship is between Main Street Acquisition Corp. and HSBC BANK NEVADA NA or between the "Creditor" and the "Reference", a consumer would be confused as to whom the debt is owed.

42. Thus, Defendant has failed to state effectively "the name of the creditor to whom the debt is owed". Therefore, Defendant's form collection letter violates § 1692g(2) of the FDCPA.

43. The said letter is confusing as it mentions Nations Recovery Center, Inc., as well as HSBC BANK NEVADA NA and Main Street Acquisition Corp., without a specific explanation or statement as to who the current creditor is.

44. The least sophisticated consumer is left confused as to who is the current creditor.

45. The Defendant's letter provided no explanation as to the relationship between the creditor and HSBC BANK NEVADA NA or why or how the two entities were involved with the debt.

46. The least sophisticated consumer is left to worry about being defrauded or paying the incorrect creditor and continuing to have an outstanding debt.

47. The least sophisticated consumer might further conclude that his debt is now owed to two separate companies.[5]

---

[4] Janetos v. Fulton, Friedman & Gullace, LLP, 2015 U.S. Dist. LEXIS 48774 (N.D. Ill., Apr. 13, 2015). (Thus, standing alone the fact that the form letter included the words "Asset Acceptance, LLC" [creditor] did not establish compliance with § 1692g(a)(2). The Act required [Defendant's] letter to identify Asset Acceptance as the "creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). The letter had to make that identification clearly enough that the recipient would likely understand it.)

[5] Pardo v. Allied Interstate, LLC, 2015 U.S. Dist. LEXIS 125526 (S.D. Ind. Sept. 21, 2015). ([The court] agree[s] with [the Plaintiff] that the identification of LVNV as the "Current Creditor" in the letter's heading and the identification of Resurgent Capital as the "Client...[who] is willing to accept payment" in the letter's body, absent any explanation of the two companies' relationship, may violate the FDCPA's "implied duty to avoid confusing the unsophisticated consumer.), Walls v. United Collection Bureau, Inc., 2012 U.S. Dist. LEXIS 68079, *4-5, 2012 WL 1755751 (N.D. Ill. May 16, 2012) ("Defendants' arguments have no merit. The confusion alleged here is not the ingenious invention of an attorney, nor is it a bizarre interpretation of the dunning letter Walls received. Defendants assert repeatedly that the letter is not confusing

48. 15 U.S.C. § 1692g of the FDCPA states:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> (2) the name of the creditor to whom the debt is owed;

49. Said December 15, 2015 letter failed to correctly identify the name of the creditor to whom the debt is owed in violation of 15 U.S.C. § 1692g(a)(2).

50. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

51. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

52. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

53. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

54. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

---

because it accurately specifies that LVNV is the "current owner of the debt." First, LVNV is not so identified. The letter refers to LVNV simply as "Current Owner." Current owner of what? A significant number of unsophisticated debtors might reasonably ask themselves. Second, defendants ignore the plain language of the statute, which requires that the "creditor to whom the debt is owed" be identified, not the "current owner of the debt." This statutory language makes sense because an unsophisticated consumer likely does not ask himself, "Who owns the debt?" or think about debt in terms of "ownership." Rather, he wants to know who is owed the money. In addition, the letter's designation of the "original creditor" can be viewed as making the letter even more confusing in light of the fact that no phrase like "current creditor" is used. We reject defendants' contention in their reply brief that what plaintiff is complaining of is "immaterial" information. The statute expressly requires identification of the creditor to whom the debt is owed; when that information is presented in an arguably confusing manner, it could influence the consumer's decision."), Deschaine v. Nat'l Enter. Sys., 2013 U.S. Dist. LEXIS 31349, *3-5 (N.D. Ill. Mar. 7, 2013) ("Defendants' motion must be denied because it is not apparent from a reading of the letter that not even a significant fraction of the population would be misled by it. Naming an entity as "Client" and a different entity as "Current Creditor" especially where the "Client" is named more often than the "Current Creditor" plausibly could create confusion and it is only plausibility that must be shown to withstand a 12(b)(6) motion."), Lee v. Forster & Garbus LLP, 12 cv 420, 2013 WL 776740 (E.D. N.Y. 2013) ("Defendants fare no better insisting that any misidentification in the Collection Letter was immaterial. As an initial matter, this argument only could apply to the alleged Section 1692e and Section 1692f violations. Section 1692(g)[(a)](2) specifically requires debt collectors to identify the creditor to whom the debt is owed in the initial communication or within five days of the initial communication. There is nothing in the statute requiring the identity of the creditor to be "material" to the communication. In addition, even assuming, arguendo, that a deceptive statement must be material to violate Section 1692e and Section 1692f, failing to identify the creditor here was not immaterial as a matter of law. The entity to which a debtor owes money potentially affects the debtor in the most basic ways, such as what the debtor should write after "pay to the order of" on the payment check to ensure that the debt is satisfied. Accordingly, Defendants' materiality argument is without merit.")

55. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

56. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

57. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

58. As an actual and proximate result of the acts and omissions of Defendant, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

### AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

59. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through fifty eight (58) as if set forth fully in this cause of action.

60. This cause of action is brought on behalf of Plaintiff and the members of two classes.

61. Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as

       the letter sent to the Plaintiff on or about December 15, 2015; and (a) the collection letter was to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

62. Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about December 15, 2015; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter failed to correctly identify the name of the creditor to whom the debt is owed in violation of 15 U.S.C. § 1692g(a)(2).

63. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

64. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

65. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

66. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

*Violations of the Fair Debt Collection Practices Act*

67. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

68. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendant and award damages as follows:

   A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

   B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

   C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
September 19, 2016

/s/ Adam J. Fishbein
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

/s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)

Dept 101345
PO Box 1259
Oaks, PA 19456

**FRONTLINE ASSET STRATEGIES**

TO MAKE AN ONLINE PAYMENT ARRANGEMENT VISIT WWW.PAYFRONTLINE.COM

101326 - 24

ROSALINE WEINGARTEN
5120 19TH AVE APT 1B
BROOKLYN NY 11204-1714

Frontline Asset Strategies, LLC
2700 Snelling Ave. N
Suite 250
Roseville, MN 55113

Date: 05/05/2015

Current Creditor to whom the debt is owed:   Main Street Acquisition Corp.
Original Creditor:          HSBC BANK NEVADA NA
Original Creditor #:        XXXXXXXXXXXX6243
Charge-off Date:            04/30/2010
FAST #:                     ▇▇▇▇323
Total Amount Due:           $8,025.99

Dear ROSALINE WEINGARTEN:

Debt Collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:
-The use or threat of violence; the use of obscene or profane language; and repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

(1) Supplemental security income, (SSI); 2) Social security; (3) Public assistance (welfare); (4) Spousal support, maintenance (alimony), or child support; (5)Unemployment benefits; (6) Disability benefits; (7) Workers' compensation benefits; (8) Public or private pensions; (9) Veterans' benefits; (10) Federal student loans, federal student grants, and federal work study funds; and (11) Ninety percent of your wages or salary earned in the last sixty days.

A judgment was entered against you on 11/28/2011.  Your unpaid judgment has been turned over to us for collection with a total amount due of $8,025.99 as of the date of this letter.  Because of interest and other charges that may vary from day to day, the amount due on the day you pay may be greater.  Hence, an adjustment may be necessary if your payment is after the date of this letter.  For further information, write the undersigned or call (877)258-1590.

Go to our secure website, www.payfrontline.com, to make a payment in full, or call our office at (877)258-1590 to determine what payment options may be available to you.  You may also go to www.frontlineas.com/contact/ in order to chat with a live agent.

Thank you for your time and attention regarding the resolution of this debt.  Nothing contained in this letter changes or *alters your* consumer rights.  Calls to or from this company, along with communications via live chat, may be monitored or recorded.

Sincerely,
Jeremy Becker
(877)258-1590
Frontline Asset Strategies, LLC

**IMPORTANT NOTICE**
This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.

Please see the reverse side or next page for important consumer notices.

Frontline Asset Strategies, LLC • 2700 Snelling Ave. N • Suite 250 • Roseville, MN 55113
Toll Free: (877)258-1590 • Fax: (651) 621-2879
Hours of Operation: Monday-Friday 7AM-9PM CST • Saturday 8AM-12PM CST

MEMBER
ACA
INTERNATIONAL
The Association of Credit
and Collection Professionals

1 of 2



101326-L35-47

P.O. Box 620130
Atlanta, GA 30362-0957

*Personal & Confidential*

➢ *Address Changed? Make Changes Below*

Rosaline Weingarten
5120 19TH AVE APT 1B
BROOKLYN NY  11204-1714

|  PAY CREDIT CARD BELOW |
| --- |
| ZIP CODE  ☐ VISA  ☐ MASTERCARD  ☐ DISCOVER |
| CARD NUMBER   EXP. DATE   AMOUNT |
| NAME AS IT APPEARS ON CARD   MUST INCLUDE 3 DIGIT SECURITY CODE FROM BACK OF CARD |
| SIGNATURE   FILE NUMBER: ▮94 |

Nations Recovery Center, Inc.
P.O. Box 620130
Atlanta, GA 30362-2130

➢ Billing Phone Number: _____
➢ E-Mail Address: _____

➢ *Make check or money order payable to Nations Recovery Center* ◄
▲ *Please Detach And Return in The Enclosed Envelope With Your Payment* ▲

---

**NRC Nations Recovery Center, Inc.**
6491 Peachtree Industrial Blvd.  Atlanta, GA 30360
www.PayNRC.com

Hours of Operation
Monday - Thursday   9AM-9PM EST
Friday   9AM-5PM EST
Saturday   9AM-1PM EST

| File #: | ▮94 |
| --- | --- |
| Creditor: | Main Street Acquisition Corp. |
| Reference | HSBC BANK NEVADA NA |
| Account #: | ▮6243 |
| Balance | $8,346.63 |

⬆ PAY THIS AMOUNT

12/15/2015

## ACCOUNT NOTICE

Dear Rosaline Weingarten:

The above creditor has placed your account with our company for collection. We realize it may have been an oversight on your part and not an intentional disregard of an obligation.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Please call us should you wish to resolve this matter.  You may also pay 24/7 at www.PayNRC.com.

Calls received outside of office hours will be promptly returned. Please leave your name, phone number and/or convenient time you wish to be called.

                     

Mail payment in
enclosed envelope

Pay online by credit card:
www.PayNRC.com
File Number: 6278594

Call us:
(800) 935-1139

Scan this code with your
smartphone to pay your bill
online.

This is an attempt to collect a debt and any information obtained will be used for that purpose.  This is a communication from a debt collector.

You can pay 24/7 at www.PayNRC.com.

Sincerely,

Account Manager

If a creditor or debt collector receives a money judgment against you in court, state and federal laws prevent the following types of income from being taken to pay the debt: 1. Supplemental security income, (SSI); 2. Social security; 3. Public assistance (welfare); 4. Spousal support, maintenance (alimony) or child support; 5. Unemployment benefits; 6. Disability benefits; 7. Workers' compensation benefits; 8. Public or private pensions; 9. Veterans' benefits; 10. Federal student loans, federal student grants, and federal work study funds; and 11. Ninety percent of your wages or salary earned in the last sixty days.
(b) If a consumer agrees to a debt payment schedule or other agreement to settle a debt, the debt collector shall provide the consumer with an accounting of the debt on at least a quarterly basis while the consumer is making scheduled payments.
(c) Within 20 business days of the receipt of a payment satisfying a consumer's debt, the debt collector shall send to the consumer a written confirmation of the satisfaction of the debt that identifies the original creditor and the account number.

New York City Department of Consumer Affairs License Number 1093260.

